Chief Justice Bovle
delivered the Opinion of the Court.
This was a bill in chancery, filed by the heirs of Isaac Hite, asserting a superior equity to land derived under an entry made in virtue of the laws of Virginia, and claiming to have a conveyance of the elder legal title, held by Lytle, under an adverse claim derived from the same laws. The court below, on a final hearing, dismissed the complainant’s bill, and they have appealed to this court.
The entry under which the complainants claim their equity, is as follows:
" 1-787, February 24.
“Robert Breckenridge enters 250 acres of land, “ on part of a T. Wt. No. 1-5$9S, on the waters of “Fern creek, to begin at the beginning corner of " Daniel Broadhead’s entry of 500 acres, three " miles south east from the Beach spring, and to “ run with the said Broadhead’s line south, and “ passing his corner 30 poles, thence east for quail- " tity.”
Daniel Broadhead’s entry is as follows:
■“ 1780, May 9th.
"Daniel Broadhead enters 500 acres, by virtue “ of a Treasury warrant, on the south side of the “ south fork of Beargrass. Beginning about three " miles south east of the Beach Spring, thence " southward and westward for quantity.”
The Beach Spring is the only object called for by these entries, which can impart to them any degree of precision and certainty, and proof, therefore, of its notoriety by that name, is necessary, in order to sustain the'entries. With respect to its notoriety, on the 9th of May 1780, when Broadhead’s entry was made, there is some contrariety of proof. The weight of evidence, however, we think is, that it was known by that name by the generality of those conversant in its vicinity at that date. But it is clear that, subsequent to that time, and prior to the date of Breckenridge’» entry, under which the complainants claim, the Beach Spring had lost *121 its notoriety by that name', the place having becoivtc the site of a station, universally known by the name of SuHivaii’s old station, and although some of those who, prior to the erection of the station, had been conversant in its vicinity, still recollected that the spring hat! been called by the name of the Beach Spring, none of those who had become acquainted 'with the place after the settlement of the station, bad ever heard of the Beach Spring, and the latter description of persons, it is to be inferred from the evidence, constituted much the greater part of those conversant in its neighborhood at the date of Breckenridge’s entry. Breckenridge’s entry, therefore, it is plain, Could not he supported if it had called for the Beach Spring instead of calling for Broad-head’s entry.
An entry, ^n°e°snffiC°tS' cient ñotoriety when it not ^foetal* by their afterwartls known by° thoir former
ñuo¡, an en. try, whose °a¿|a-1v®re |”s te * bwí: whoso objects °r notoriety knoTObyS<3'" thoir former names,will ”0?c( 0° noto-' ricty for a subsequent eatl'y-~
But¡ft})|iol¡r ieots«ffbr former good entry coniin'•ief^acall" for u will "be sufficient.
*121 But can the call for Broadhcad’s entry make any difference? As the spring was notorious at the date of Broadhcad’s entry, by the name óf the Beach Spring, the call for it by that name is sufficient to support that entry, for, as after-acquired notoriety in an object called for by an entry will not aid it, so we apprehend tine loss of notoriety in an object called for by an entry, after the entry lias been made, ought not to destroy the entry.
But although Broadhcad’s entry he deemed valid, we cannot admit, as is contended on the part tiie complainants, that it will follow as a necessary Consequence, that Breckenridge’s entry must also be sustained. Undoubtedly an entry which is made to depend upon another entry, will have a right to all the aid which can be derived from the objects called for by the entry on which it is made to depend, and in genera!, where the first entry is good, the second entry will be so too. But it may happen to he otherwise, and where the objects, as in this case called for in the first entry existed, and were notorious at its date, but afterwards become extinct or lose their notoriety before the second is made, the latter, we apprehend, cannot be sustained, though the former, being good at the time it was made, must forever remain ¡síL._
To satisfy the requisitions of the law, it is sufiident that an entrv so describes its location, that ' *122 the adjacent residuum might he with certainty appropriated at tiie time when the entry is made, but than this will not accord with the demands of the law, and whether an entry calls for objects which do not, at .the date of the entry, exist and Posscss sufficient notoriety, or for another entry which describes its location by such objects, it is equally clear'in either case, that the adjacent residuum could not be with certainty appropriated by others.
Rowan and Crittenden for appellants; Bibb and J. J. Marshall for appellee.
The decree of the circuit court dismissing the complainant’s, bill is therefore correct, and must be affirmed with cost.